# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

Y.M.,[1]

Petitioner,

v.

MINGA WOFFORD, et al.,

Respondents.

Case No. 1:25-cv-01063-EGC (HC)

**ORDER DENYING PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO EAJA**

(Doc. 23)

Petitioner Y.M. ("Petitioner"), formerly a federal detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

Pending before the Court is the motion of Petitioner's counsel for the award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 23). Respondents filed an opposition. (Doc. 25). Petitioner filed a reply. (Doc. 26). The Court will deny the motion.

## I. BACKGROUND

Following the parties' briefing on Petitioner's petition, on November 19, 2025, the Court granted the petition and ordered that Respondents provide Petitioner with a bond hearing finding

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only their first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

that Petitioner had a protected liberty interest and that due process requires hearing. (Doc. 15). Judgment for Petitioner was entered thereafter. (Doc. 21).

## II. LEGAL STANDARD

The EAJA provides for an award of attorney's fees and costs to private litigants who prevail "in any civil action (other than cases sounding in tort)" against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a court shall award attorney's fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## III. ANALYSIS

Respondents also request the Court decline to rule on the motion pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026). In the event that the Court proceeds on the merits, Respondents oppose Petitioner's motion for award of attorney's fees and costs on two grounds: (1) that the EAJA does not permit the award of attorneys' fees here because the underlying habeas corpus proceeding is not a "civil action"; and (2) that the EAJA does not permit the award of attorneys' fees here because Respondents' position was "substantially justified." (*See* Doc. 25).

The Court will decline Respondents' request to hold this motion in abeyance. However, because the Court concludes Respondents' position was substantially justified, the Court need not decide the issue of whether a habeas petitioner may recover attorney's fees under the EAJA.

### A. Respondents' Request for this Motion to be Held in Abeyance

Starting with Respondents' request to hold this case in abeyance, (Doc. 25 at 2), the Court will decline Respondents' request.

District courts have the "discretionary power to stay proceedings." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The court may "find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings

which bear upon the case." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 863–64 (9th Cir. 1979)). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva*, 593 F.2d at 863–64.

In determining whether to grant a stay, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Among these competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* In addition, the "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

With respect to the first two factors, damage and hardship to the parties, Respondents assert that "Petitioner is unlikely to be prejudiced by a delay of several months in the payment of any EAJA award, if that is the eventual outcome of the case." (Doc. 25). In opposition, Petitioner argues that Respondents' view of the circumstances is too narrow. Petitioner emphasizes their interest in the prompt resolution of the attorney's fees motion, as they are "represented by pro bono attorneys who rely on the timely availability of EAJA fees to sustain their work." (Doc. 26 at 2). Petitioner also asserts that "Petitioner stands to suffer monetarily if his motion is held in abeyance." (*Id.*).

If there is "even a fair possibility" of harm to the opposing party, the moving party "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. Here, the Court agrees with Petitioner that Respondents have not identified the existence of any hardship or inequity in the Court deciding the attorney's fees motion. Nor is the Court persuaded by Respondents' conclusory contention that Petitioner will not suffer any prejudice if the motion to stay is granted. *Palacios v. Liggins* has not been briefed or calendared for argument, and a stay of almost a year or more in resolving the instant motion could interfere with Petitioner's

continued access to counsel. The Court accordingly finds that the first two factors weigh in favor of Petitioner.

Turning to the third factor, Respondents argue that *Palacios v. Liggins* may be dispositive of the pending fees motion in this case because the Supreme Court granted a writ of certiorari as to the issue of whether the "any civil action" language found in the EAJA includes an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios*, 2026 WL 1855057. Thus, according to Respondents, staying the fees motion will "promote[ ] judicial efficiency and conserve[ ] judicial resources." (Doc. 25 at 2). In response, Petitioner contends that "the Court is bound by Ninth Circuit precedent authorizing attorney's fees and costs under EAJA to the prevailing party in an immigration habeas action." (Doc. 26 at 3).

"In applying the third factor, courts find 'considerations of judicial economy are highly relevant.'" *Pac. Coast Fed'n of Fishermen's Assns. v. Raimondo*, No. 120CV00426DADEPG, 2022 WL 789122, at *69 (E.D. Cal. Mar. 11, 2022) (quoting *Gustavson v. Mars, Inc.*, No. 13-cv-04537-LHK, 2014 WL 6986421, at *3 *(N.D. Cal. Dec. 10, 2014)). Here, the Court agrees with Respondents that a decision in *Palacios v. Liggins* is likely to provide guidance on the availability of attorney's fees under the EAJA. Even while Petitioner contends that "this Court is bound by Ninth Circuit precedent authorizing EAJA fees to the prevailing party in immigration habeas actions," (Doc 26 at 5), on balance, the Court finds that it would be slightly in the interest of judicial economy to hold the motion for attorney's fees in abeyance pending the decision in *Palacios v. Liggins*.

* * *

To summarize, the Court finds that there is a risk of some prejudice to Petitioner if the Court stays the motion for attorney's fees pending the Supreme Court's decision in *Palacios v. Liggins*. On the other hand, considerations of judicial economy weigh slightly in favor of a stay, because the decision could inform the analysis in the pending motion. Because "[a] district court's concern for . . . judicial efficiency, standing alone is not necessarily a sufficient ground to stay proceedings," *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1085 (9th Cir. 2024) (citation and internal quotation marks omitted), the Cout will exercise its broad discretion to manage its docket and decline to hold

the motion for attorney's fees in abeyance. *See E.A.P.C. v. Wofford et al.*, No. 25-cv-01546 JLT-CDB (HC), 2026 WL 1983910, at *2 (E.D. Cal. July 9, 2026) (declining to hold a motion for attorney's fees in abeyance pending the Supreme Court's decision in *Palacios v. Liggins*).

**B. Whether Respondents' Position was "Substantially Justified" Under the EAJA**

Respondents finally argue Petitioner should not be awarded fees under the EAJA because the government's positions in this litigation were substantially justified. (Doc. 25 at 4–5). The Court agrees.

To defeat a prevailing party's claim to attorney's fees under the EAJA, the government bears the burden of showing that its position was substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citing *Gonzales v. Free Speech Coal*., 408 F.3d 613, 618 (9th Cir. 2005)). To be substantially justified, the government's position must have a "reasonable basis" in law and fact. *Id*. (citations omitted). "When evaluating the government's 'position' under the EAJA, [courts] consider both the government's litigation position and the 'action or failure to act by the agency upon which the civil action is based.'" *Ibrahim v. U.S. Dep't of Homeland Security*, 912 F.3d 1147, 1168 (9th Cir. 2019) (*quoting* 28 U.S.C. § 2412(d)(1)(B)).

Detention of aliens falling under the provisions of 8 U.S.C. § 1226(c) is mandatory. *Jennings v. Rodriguez*, 583 U.S. 281, 303–04 (2018). Accordingly, applicable regulations prohibit release of criminal aliens except under circumstances that were not applicable here. 8 C.F.R. § 1236.1(c)(1)(i). However, the Supreme Court has left open the possibility of bringing an as applied due process challenge to section 1226(c). *See Nielsen v. Preap*, 586 U.S. 392, 420 (2019) ("[o]ur decision today on the meaning of [§ 1226(c)] does not foreclose as-applied challenges—that is, constitutional challenges to applications of the statute"). And while this Court applied various factors to conclude that Petitioner's prolonged detention without a bond hearing violated due process, "no bright-line rule exists to deem a certain length of detention automatically unreasonable." *Haji S. v. Barr*, No. 18-3493 (PAM/LIB), 2020 WL 134814, at *1 (D. Minn. Jan. 13, 2020). Indeed, there is no guidance from the Ninth Circuit, nor agreement in the district courts, regarding which test to apply in adjudicating this kind of due process claim. District courts in the Ninth Circuit have applied various tests to determine when the Due Process Clause requires a bond

hearing in a particular section 1226(c) detention case. *See*, *e.g.*, *Salesh P. v. Kaiser*, Case No. 22-cv-03018-DMR, 2022 WL 17082375, at *8–9 (N.D. Cal. Nov. 18, 2022) (finding detainee held under § 1226(c) for fourteen months entitled to bond hearing under the *Matthews v. Eldridge* balancing test); *Lopez v. Garland*, 631 F. Supp. 3d 870, 879–82 (creating new three-factor test and finding petitioner, who had been in detention under § 1226(c) for a year, was entitled to bond hearing); *Juarez v. Wolf*, Case No. C20-1660-RJB-MLP, 2021 WL 2323436, at *4 (W.D. Wash. May 5, 2021), *report and recommendation adopted*, Case No. 20-1660 RJB-MLP, 2021 WL 2322823 (W.D. Wash. June 7, 2021) (applying eight-factor test in determining petitioner held in custody under § 1226(c) for 14 months is entitled to bond hearing); *Rodriguez v. Nielsen*, Case No. 18-cv-04187-TSH, 2019 WL 7491555, at *6 (N.D. Cal. Jan. 7, 2019) (finding section 1226(c) detainees are constitutionally entitled to individualized bond hearings after six months of detention).

Respondents maintain in opposition to Petitioner's fee motion that their prelitigation and litigation positions were substantially justified given that Petitioner's detention was pursuant to mandatory detention under section 1226(c) and that the application of section 1226(c) was constitutional, facially *and* as applied, (*see* Doc. 25 at 4–5; *see also* Doc. 12 at 2–8). The Court finds that this case is distinguishable from other fee motions this Court has resolved in that, here, Respondents did not merely argue that Petitioner was subject to mandatory detention pursuant to section 1226(c) without addressing the due process implications of Petitioner's as-applied challenge to his section 1226(c) detention without a bond hearing. Because the due process inquiry is inherently flexible and fact specific, requiring a Court to weigh various factors and interests, *see Boyd v. Edwards*, No. 6:15-CV-238-MC, 2016 WL 2349594, at *4 (D. Or. May 4, 2016); *Armstrong v. Meyers*, No. CV 89-4496-WJR(BX), 1990 WL 362449, at *3 (C.D. Cal. Dec. 14, 1990), *aff'd*, 964 F.2d 948 (9th Cir. 1992), the Court cannot say that Respondents' position as the outcome of such weighing was not substantially justified, *see J.N.C.G. v. Warden, Stewart Det. Ctr.*, No. 4:20-CV-62-MSH, 2021 WL 1841743, at *1 (M.D. Ga. May 7, 2021). Therefore, because the Court finds Respondents' position was substantially justified, the Court must deny the motion for attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED that Petitioner's motion for the award of attorney's fees, (Doc. 23), is DENIED.

IT IS SO ORDERED.

Dated: **August 31, 2026**

UNITED STATES MAGISTRATE JUDGE